IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–00092–DDD–MDB

MICHAEL HOLSOME,

    Plaintiff,

v.

TEK-EXPERTS (COLORADO), INC.,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)." (["Motion"], Doc. No. 24.) Plaintiff has responded in opposition to the Motion, and Defendant has replied. (["Response"], Doc. No. 38; ["Reply"], Doc. No. 44.) The Motion has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, for a recommendation regarding disposition. (Doc. No. 25.) The Court has reviewed the briefs, the case file, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Motion (Doc. No. 24) be **GRANTED**, and that this case be **DISMISSED**.

### SUMMARY FOR *PRO SE* PLAINTIFF

The Court is recommending that your claims in the Amended Complaint be dismissed. First, the Court is recommending that the CADA claims be dismissed because they were not

timely filed under the applicable statute. Second, the Court is recommending that the Title VII discrimination claims be dismissed for failure to exhaust because the EEOC charge was based on age and disability discrimination, not color or race discrimination. Third, the Court is recommending that the retaliation claims be dismissed because the Amended Complaint does not show that you made a complaint of unlawful discrimination to your employer, or engaged in any other "protected activity" on which to base the claim of retaliation. Fourth, the Court is recommending that the age discrimination claim be dismissed because there is no allegation that you were replaced by a younger person, or specific information that demonstrates you were treated less favorably than younger workers. Finally, the Court is recommending that your fraud claim be dismissed because the law requires that claims of fraud be supported by specific and particular facts about what happened, when it happened, and who was involved, and the Amended Complaint does not plead such facts. However, the Court is recommending that your claims be dismissed without prejudice. This means the Court believes you should be given an opportunity to amend your complaint again, should you so choose. This is only a summary of the Court's Recommendation to the presiding judge. The complete Recommendation is set forth below, including information about your right to object to this Recommendation within a set period of time.

## STATEMENT OF THE CASE

*Pro se* Plaintiff Michael Holsome brings this lawsuit against his former employer, Defendant Tek-Experts (Colorado), Inc. ["Tek-Experts"], asserting violations of Title VII of the Civil Rights Act of 1964, as amended ["Title VII"], 42 U.S.C. §§ 2000(e) *et seq.*, the Colorado Anti-Discrimination Act ["CADA"], Colo. Rev. Stat. §§ 24-34-402 *et. seq.*, and the Age

Discrimination in Employment Act of 1967 ["ADEA"], 29 U.S.C. § 621 *et seq.*. (Doc. No. 9.) Specifically, Mr. Holsome makes the following allegations against Tek-Experts:

> I didn't play on my work phone like the younger managers [and] was joked [and] made fun of. I didn't share weekend photos or post jokes or pictures.
>
> Angela Lyman only micromanaged me. Held [sic] meetings with fellow team managers about me, without me. (Twice)
>
> I spoke to Angela's boss regarding her behavior [and] he agreed to have me moved to a new team. Before that could happen, Angela fired me the next day.
>
> I was paying for insurance [and] was not provided coverage. Tek-Experts did nothing to help.

(*Id.* at 2.)

Based on these allegations, on October 13, 2020, Mr. Holsome filed a charge of discrimination with the Colorado Civil Rights Division ["CCRD"], and on October 21, 2020, Mr. Holsome filed a charge of discrimination with the Equal Employment Opportunity Commission ["EEOC"]. (Doc. No. 1 at 1-2.; Doc. No. 9 at 4.) On January 13, 2022, after receiving notice of his right to sue from the CCRD, Mr. Holsome filed this lawsuit. (Doc. No. 1; *see* Doc. No. 9 at 5.)

On March 8, 2022, the Court ordered Mr. Holsome to cure various deficiencies in his initial pleading. (Doc. No. 7.) Mr. Holsome then filed his Amended Complaint. (Doc. No. 9.) There, Mr. Holsome alleges claims of discrimination based on his color, race, and age, as well as claims of retaliation and "insurance fraud." (*Id.* at 2.) As relief, Mr. Holsome asks the Court to "[i]mpose a penalty" and award him "compensation." (*Id.* at 3.)

Tek-Experts now moves to dismiss the Amended Complaint, in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). (Doc. No. 24.) In the Motion,

3

Tek-Experts argues, among other things, that Mr. Holsome's CADA, Title VII, and ADEA claims fail on exhaustion grounds and/or are time-barred, and that all of Mr. Holsome's claims are inadequately pleaded. (*Id.*)

## STANDARDS OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if

they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

That being said, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court typically may not look beyond the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting Fed. R. Civ. P. 12(d)) (alterations omitted). "Pleadings," for purposes of a Rule 12(b)(6) motion to dismiss, include attachments to the complaint, documents incorporated into the complaint by reference, and information subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

## II. *Pro Se* Plaintiff

Mr. Holsome is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

### I. The CADA Claims

Tek-Experts argues, first, that Mr. Holsome's CADA claims must be dismissed, because they are untimely. (Doc. No. 24 at 7-8.) The Court agrees.

CADA, which is Colorado's analogue to Title VII, requires a plaintiff to fully exhaust his or her administrative remedies before filing a lawsuit. Colo. Rev. Stat. § 24-34-306(14); *accord*

6

*Brooke v. Restaurant Servs., Inc.*, 906 P.2d 66, 72 (Colo. 1995); *see City of Colo. Springs v. Conners*, 993 P.2d 1167, 1169 (Colo. 2000) (construing CADA's exhaustion requirement to be a "condition precedent to bringing an action in district court"); *see also Zapata v. Colo. Christian Univ.*, No. 18-cv-02529-CMA-NYW, 2019 WL 1544179, at *7 (D. Colo. Mar. 15, 2019) (noting that CADA's exhaustion requirement applies equally to suits brought in federal court). To properly exhaust administrative remedies under CADA, a plaintiff must file a timely charge of discrimination with the CCRD. Colo. Rev. Stat. § 24-34-306(1)(a). The plaintiff must then file suit in district court within ninety days of receiving the CCRD's dismissal of the CADA complaint. *Id.* § 24-34-306(2)(b)(I)(B). If the plaintiff fails to file suit within ninety days, the claim is "barred, and no district court shall have jurisdiction to hear the action." *Id.* § 24-34-306(2)(b)(I)(C). This absolute bar to filing applies equally in state and federal court. *Robinson v. Reg'l Transp. Dist.*, No. 16-cv-2870-WJM-MJW, 2018 WL 2414866, at *3 (D. Colo. May 29, 2018) (citing *Fleites v. Pueblo Med. Inv'rs, LLC*, No. 07-cv-02658-REB-MJW, 2008 WL 4371924, at *3 (D. Colo. Sept. 22, 2008)) (quotation marks omitted).

Here, the CCRD issued its determination on Mr. Holsome's CADA complaint, on September 13, 2021. (Doc. No. 9 at 5.) The notice advised Mr. Holsome that he must file suit within ninety days "of the mailing of this Notice," or risk having his action barred. (*Id.*) Thus, the ninety-day period began to run as of September 13, 2021. Because Mr. Holsome did not file this lawsuit until January 13, 2022, approximately 120 days after receiving notice of his right to sue, his CADA claims are untimely, and therefore, barred. *See Fleites*, 2008 WL 4371924, at *3 ("In short, viewing the allegations in the complaint as true, the complaint indicates that the plaintiff's CADA claim was filed more than 90 days after the CCRD's jurisdiction over that

7

claim ceased. Under § 24-34-306[(2)(b)(I)(C)], this claim is time barred."). Accordingly, because CADA clearly commands that "no district court shall have jurisdiction to hear" an untimely claim, Colo. Rev. Stat. § 24-34-306(2)(b)(I)(C), Mr. Holsome's CADA claims should be dismissed without prejudice, under Rule 12(b)(1), for lack of subject matter jurisdiction.[1] *See Robinson*, 2018 WL 2414866, at *4 (dismissing untimely CADA claims without prejudice for lack of jurisdiction).

## II. The Title VII Discrimination Claims

Mr. Holsome also alleges Title VII claims for discrimination based on color and race. (Doc. No. 9 at 2.) Tek-Experts moves to dismiss these claims, arguing that Mr. Holsome failed to exhaust his administrative remedies. (Doc. No. 24 at 8-9.)

Title VII, like CADA, requires a plaintiff to fully exhaust his administrative remedies before filing a lawsuit. *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003) (citing *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 110-13 (2002)). Exhaustion requires that an employee include allegations of the discriminatory and retaliatory acts at issue in a charge of discrimination timely filed with the EEOC. *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). The exhaustion requirement derives from two principle purposes: (1) to give notice to the employer of the employee's grievance; and (2) to give the EEOC an opportunity to resolve the dispute between the employee and employer. *Smith v. Cheyenne Ret. Invs., LP*, 904 F.3d 1159,

---

[1] The Court notes that Tek-Experts did not move to dismiss the CADA claims on jurisdictional grounds. (*See generally* Doc. No. 24.) However, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage of the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 456 U.S. 500, 514 (2006)).

1164 (10th Cir. 2019); *Cirocco v. McMahon*, 768 F. App'x 854, 859 (10th Cir. 2019). Thus, the employee must make a good faith effort to cooperate and provide all relevant, available information to the EEOC. *Cirocco*, 768 F. App'x at 859.

That obligation includes identifying all grievances. An employee must pursue administrative remedies for "each discrete instance of discrimination or retaliation." *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012). The charge must put the EEOC on notice of what is at issue. *Id.* What the employee may later litigate in court "is generally limited to the scope of the administrative investigation that can reasonably be expected to follow the [submitted] charge." *Smith*, 904 F.3d at 1164. "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *Jones*, 502 F.3d at 1186. Such a presumption may be rebutted only if the narrative of the EEOC charge clearly sets forth the basis for the claim. *Id.* The EEOC charge "must contain facts concerning the discriminatory or retaliatory actions underlying each claim." *Smith*, 904 F.3d at 1164 (quoting *id.*). Although the Court must "liberally construe" the claimant's allegations in the EEOC charge, only those grievances that were subject to EEOC action are considered exhausted. *Id.* "The ultimate question is whether the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge]." *Id.* (citation omitted).

A Title VII plaintiff's failure to file an EEOC charge regarding a discrete employment incident permits the employer to raise an affirmative defense of failure to exhaust. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). "The affirmative defense of failure to exhaust administrative remedies is appropriate on a motion to dismiss if 'the grounds for the

9

defense appear on the face of the complaint.'" *Tiger v. Powell*, No. 21-cv-01892-PAB-SKC, 2022 WL 4182413, at *9 (D. Colo. Sept. 13, 2022) (quoting *Cirocco*, 768 F. App'x at 858). To determine whether Mr. Cunningham properly exhausted his administrative remedies here, the Court looks to the EEOC charge itself. *Jones v. Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017).

In his EEOC charge, which is attached to the Amended Complaint, Mr. Holsome checked off a series of boxes, indicating his belief that he had been discriminated and retaliated against based on his age and disability. (Doc. No. 9 at 4.) However, Mr. Holsome did not check the boxes regarding color or race discrimination. (*Id.*) Tek-Experts argues, based on Mr. Holsome's failure to check those boxes, that he cannot proceed with those claims in federal court. The Court agrees. (Doc. No. 24 at 8-9.)

Although the failure to check a particular box is not dispositive, there is more to the analysis here. The EEOC charge submitted by Mr. Holsome is entirely devoid of allegations concerning color-based or race-based discrimination. In the narrative portion of his CCRD charge,[2] which Mr. Holsome appended to his initial complaint, Mr. Holsome alleges that he was "subjected to unequal terms and conditions of employment and refused a reasonable accommodation based on my age (43; D.O.B. [redacted]), physical disability (asthma, viral pericarditis), and/or in retaliation for engaging in protected activity." (Doc. No. 1 at 1.) However, Mr. Holsome makes no allegations in the charge document to suggest that he was discriminated against based on his color or race. Under these circumstances, the EEOC charge cannot be

---

[2] The CCRD and EEOC have entered into a work-sharing agreement whereby "each agency 'designate[s] the other as its agent for the purpose of receiving and drafting [employment discrimination] charges[.]'" *Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 813 (10th Cir. 2010). This means that "after each agency receives a discrimination charge, it is filed automatically with the other agency." *Id.*

10

reasonably read as alleging discrimination based on Mr. Holsome's color or race. *Smith*, 904 F.3d at 1164. Therefore, Mr. Holsome's Title VII discrimination claims should be dismissed without prejudice, under Rule 12(b)(6), for failure to exhaust administrative remedies. *See id.* at 1166 ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice.") (emphasis in original).

### III.    The Remaining Claims

Mr. Holsome alleges claims for age discrimination, retaliation, and "insurance fraud." (Doc. No. 9 at 2.) Tek-Experts moves to dismiss these claims, arguing among other things, that Mr. Holsome has failed to plausibly allege the required elements for these claims. (Doc. No. 24 at 11-14.)

### A. Retaliation

Under Title VII, it is unlawful "for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). The ADEA makes it unlawful for employers to discriminate against employees who oppose age discrimination. 29 U.S.C. § 623(d). To state a claim of retaliation under either statute, Mr. Holsome must plausibly allege: (1) that he engaged in protected opposition to discrimination; (2) that a reasonable employee would have found the challenged action materially adverse; and (3) that a causal connection existed between the protected activity and the materially adverse action. *Reznik v. inContract, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021) (Title VII retaliation); *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008) (ADEA retaliation).

Here, Mr. Holsome's allegations are insufficient to support a claim that he engaged in protected opposition to discrimination. Mr. Holsome alleges that his direct supervisor "micromanaged" him, "held meetings with fellow Team managers" that were "about" him, and held other meetings "without" him present. (Doc. No. 9 at 2.) And although he alleges that he spoke to his direct supervisor's boss "regarding her behavior," and then one day later, his direct supervisor "fired" him, Mr. Holsome does not allege that his complaints were related to unlawful discrimination. (*Id.*) To the extent Mr. Holsome complained about his supervisor micro-managing him, or excluding him from meetings, or talking about him with other Tek-Experts employees, these types of generalized workplace grievances do not demonstrate protected opposition to discrimination. *See Dean v. Comp. Sci. Corp.*, 384 F. App'x 831, 838 (10th Cir. 2010) ("[A]n employee's complaints regarding unfair treatment, no matter how unconscionable, cannot be 'protected opposition to discrimination' unless the basis for the alleged unfair treatment is some form of *unlawful* discrimination."); *see also Hinds*, 523 F.3d at 1202-03 ("General complaints about company management . . . will not suffice."). Even after applying a liberal standard to the allegations and drawing all inferences in Mr. Holsome's favor, the Court cannot conclude that Mr. Holsome's allegations are sufficient to demonstrate protected activity. Therefore, Mr. Holsome's retaliation claims should be dismissed without prejudice. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to dismissal when a plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

**B. Age Discrimination**

Mr. Holsome alleges that he was discriminated against based on his age. (Doc. No. 9 at 2.) The ADEA provides a remedy for discrimination in private employment on the basis of age. 29 U.S.C. § 623(a)(1); *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). The protective provisions of § 623(a)(1) are limited to individuals who are forty or older, *id.*, and were prompted by Congress's "concern that older workers were being deprived of employment on the basis of inaccurate and stigmatizing stereotypes." *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). The ADEA requires employers "to evaluate [older] employees . . . on their merits and not their age." *Id.* It does not, however, require employers to evaluate employees perfectly, fairly, or even rationally—employers are free to exercise their sound business judgment in personnel matters and may discipline and terminate at will employees for any reason, so long as it is not unlawful. *Adamson v. Multi Comty. Diversified Servs., Inc.*, 514 F.3d 1136, 1153 (10th Cir. 2008).

To state a plausible claim of age discrimination under the ADEA, Mr. Holsome must, at a minimum, show that he "was (1) within the protected age group; (2) doing satisfactory work (qualified for the position); (3) discharged (or adversely affected by defendant's employment decision); and (4) replaced by a younger person." *Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir. 1995) (quoting *Branson v. Price River Coal Co.*, 853 F.2d 768, 770 (10th Cir. 1988); *EEOC v. Sperry*, 852 F.2d 503, 507 (10th Cir. 1988)). The fourth prong "may also be shown by circumstantial evidence that a plaintiff was treated less favorably than younger employees[]." *Id.* To survive a motion to dismiss, Mr. Holsome "need not set forth a prima facie case." *Morman v.*

*Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015). However, he "must allege facts that make [his ADEA discrimination] claim at least plausible." *Id.*

Here, even assuming the first three elements are met, the Court agrees with Tek-Experts that Mr. Holsome has failed to allege sufficient facts regarding the fourth element of his claim. (Doc. No. 24 at 12.) First, Mr. Holsome does not make any allegations to suggest that he was replaced by a younger person, and indeed, he makes some allegations in his Response to suggest he was not. (*See* Doc. No. 38 at ¶ 7 ("Plaintiff did not say that he was replaced by a younger person. Does the Plaintiff have to be replaced by a younger person to be the target of age discrimination?").) Second, Mr. Holsome has not plausibly alleged that he was treated less favorably than younger Tek-Experts employees. At most, Mr. Holsome alleges that "younger managers" "joked" and "made fun of" him, because he didn't "play" on his "work phone," or "share weekend photos or post jokes or pictures." (Doc. No. 9 at 2.) However, Mr. Holsome does not explain how his age did or did not play a factor in his actual termination. *See Kirkpatrick v. Pfizer, Inc.*, 391 F. App'x 712, 720 (10th Cir. 2010) ("[S]tray remarks[] and isolated or ambiguous comments are too abstract . . . to support a finding of age discrimination."); *see also Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir. 2000) (holding supervisor's comments that "at [employee's] age, it would be difficult to train for another position" or "difficult to find a new job" were too abstract to support an inference of age discrimination). Mr. Holsome's allegation that he "was discharged based on [his] protected classes," (*see* Doc. No. 1-1), without more, fails to adequately plead that Tek-Experts intended to discriminate in reaching its decision to terminate him. *See Kosak v. Catholic Health Initiatives of Colo.*, 400 F. App'x 363, 367 (10th Cir. 2010) (holding facts alleged by plaintiff did "not raise an inference that she was

discriminated against because of her age"). Accordingly, the Court recommends that Mr. Holsome's ADEA discrimination claim be dismissed without prejudice, as well. *Reynoldson*, 907 F.2d at 127.

### C. Fraud

Finally, Mr. Holsome alleges that his employer committed "insurance fraud." (Doc. No. 9 at 2.) Tek-Experts moves to dismiss this claim, arguing that the Amended Complaint does not satisfy the requisite minimum pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b). (Doc. No. 24 at 13-14.) The Court agrees.

Rule 9(b) requires that "in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." *Pace v. Swerdlow*, 519 F.3d 1067, 1073 n.5 (10th Cir. 2008) (quoting Fed. R. Civ. P. 9(b)). "Compliance with Rule 9(b) provides a defendant with fair notice of the plaintiff's claims and the factual grounds upon which they are based." *Conrad v. The Educ. Res. Inst.*, 652 F. Supp. 2d 1172, 1182 (D. Colo. 2009) (citations omitted). "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

Here, Mr. Holsome's fraud claim does not set forth "the time, place and contents of the false representation" so as to satisfy Rule 9(b). *Id.* Mr. Holsome's conclusory allegation that his former employer committed "insurance fraud" is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."). Accordingly, Mr. Holsome's fraud claim should be dismissed without prejudice. *Reynoldson*, 907 F.2d at 127.

## CONCLUSION

For the reasons set forth herein, this Court respectfully **RECOMMENDS** that:

(1) The "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)" (Doc. No. 24) be **GRANTED**.

(2) This case be **DISMISSED without prejudice**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. ☐ 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: February 27, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge